# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 2000 Session

## STATE OF TENNESSEE v. PATRICIA MERRIWEATHER

### Appeal from the Circuit Court for Madison County
### No. 90-886    Roy B. Morgan, Jr., Judge

---

### No. W1999-01711-CCA-R3-CD - Decided August 4, 2000

---

The defendant pled guilty in 1990 to thirty-two Class A misdemeanors, consisting of violations of the bad check law, and was placed on probation. During the probationary period, which was scheduled to end in 1994, the defendant was to pay restitution and costs. Shortly before the probationary period ended, the defendant signed an agreement, presented by her probation officer, extending indefinitely the probation so that restitution and costs could be paid. The trial court approved this extension. Probation violation reports were filed in 1997 and 1999, the court revoking the probation in 1999. The defendant timely appealed, arguing that the trial court was without authority to extend the probationary period without a hearing and to extend the period indefinitely. Based upon our review, we conclude that the defendant's probationary period ended in 1994, and we reverse the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); George Morton Googe, District Public Defender; and Stephen P. Spracher, Assistant District Public Defender (at trial and on appeal) for the appellant, Patricia Merriweather.

Paul G. Summers, Attorney General and Reporter; Tara B. Hinkle, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**


The defendant, Patricia Merriweather, pled guilty in Madison County Circuit Court to thirty-two, Class A misdemeanor violations of Tennessee Code Annotated Section 39-14-121,[1] the "bad check law." The plea agreement with the State resulted in four, consecutive, eleven month and twenty-nine day sentences with the remaining twenty-eight counts to be served concurrently. The defendant was also ordered to pay restitution of $1,432.77 and costs at the rate of $75 per month. Probation was ordered to begin on November 27, 1990 and end on November 19, 1994. On October 14, 1994, the trial court, without a hearing, ordered that the defendant's probation be extended indefinitely until restitution and costs were paid in full. After two subsequent probation violation reports were filed against the defendant, one in 1997 and one in 1999, a hearing was held on June 15, 1999, and the defendant was found to be in violation of the terms of her probation. The trial court ordered her to serve thirty days in the Madison County Jail and thereafter be placed on supervised probation with the Department of Correction. The defendant appeals as of right the revocation of her probation, presenting the following issues:

> I. Whether the defendant's due process rights were violated when her probation was made more onerous by being extended indefinitely without providing her the protection of a revocation proceeding and assistance of counsel; and

> II. Whether the trial court had the authority to extend the defendant's probation indefinitely.

By implication, the defendant also argues that the trial court acted without jurisdiction by revoking her probation on July 1, 1999. We hold that defendant's due process rights were violated when conditions of her probation were made more onerous without providing her the protection of a revocation proceeding,[2] and that the trial court was without authority to extend probation indefinitely. Therefore, defendant's probationary period ended on November 19, 1994, according to her original sentence. As a result, the trial court's revocation of probation on July 1, 1999, is vacated as having been entered without jurisdiction to act.[3]

---

[1]This section criminalizes the writing of worthless checks up to $500. See Tenn. Code Ann. § 40-35-110.

[2]The State, in its brief, also agrees that defendant's constitutional rights were violated when her probation was made more onerous without the protection of a hearing or appointed counsel and that the waiver signed by the defendant in the presence of her probation officer was ineffective. The State further agrees that the trial court was without authority to extend defendant's probation in contravention of Tennessee Code Annotated § 40-35-308(c) and now argues for reversal of the trial court's order revoking probation.

[3]The defendant was sentenced on November 27, 1990, and, therefore, the applicable statute in effect at the time of her sentencing was § 40-35-304 of the newly enacted Criminal Sentencing Reform Act of 1989. Section 40-35-304(f) states the following: "The court may extend the restitution schedule, but not beyond the term of probation supervision."

(continued...)

-2-

## BACKGROUND

The defendant has been on probation for nearly ten years, six years more than her original sentence. The defendant was originally sentenced, according to a plea agreement, for writing thirty-two worthless checks over a period of five months from November 1989 until March 1990, all drawn on First American National Bank without sufficient funds on deposit. The defendant was ordered to pay restitution of $1,432.77 and costs.

Vicki Worsham, the defendant's probation officer since November 27, 1990, testified at the probation revocation hearing on June 15, 1999. Ms. Worsham testified that the defendant met with her on October 14, 1994, approximately one month before the defendant's probation was scheduled to end, and discussed the defendant's violations of probation, which included, according to the probation violation report dated September 27, 1994, failure to report and failure to pay restitution and costs.[4] Ms. Worsham further testified that the defendant had paid $784.10 in restitution and still owed $655 in costs. The defendant and Ms. Worsham discussed the possibility of a probation revocation hearing and agreed to simply extend the period of probation indefinitely until the entire balance owed by the defendant was paid. Ms. Worsham testified that the defendant agreed to sign the order extending her probation. The order also included the following statement: "(3) The defendant, having been fully advised of the right to be represented by counsel (appointed counsel if indigent) and to a hearing before the court before probation can be revoked or extended, hereby waives said rights." The order was signed by the defendant, Ms. Worsham, and the trial judge and dated October 14, 1994. Ms. Worsham testified that she and the defendant signed the form in her office and that she later submitted it to the trial court.

Ms. Worsham also testified that the defendant takes care of her sick grandmother who suffers from breast cancer and that the defendant is her sole source of care. Ms. Worsham further testified that the defendant has custody of her five-year-old granddaughter. On cross-examination, Ms. Worsham testified that the defendant receives $142 a month in income through AFDC, a sum that represents her total income, and that the defendant is required to pay $50 a month toward restitution and costs. Ms. Worsham testified that the defendant was currently exempt from making cost payments because of her level of income.

The defendant testified to the following concerning the meeting with Ms. Worsham on October 14, 1994:

> Q. Now, do you recall signing that document?
>
> A. Yes, sir, I signed it.

---

[3] (...continued)
Here we have determined that the period of probation supervision ended on November 19, 1994.

[4] The record indicates that, over the course of her probation supervision, the defendant has received four probation violation reports: July 7, 1992; September 27, 1994; January 9, 1997; and May 4, 1999.

Q. Okay. Do you recall what was involved in signing it? Who all was there?

A. What do you mean who all was there?

Q. Where were you when you signed it?

A. At Ms. Worsham's office.

Q. Okay. Did you have an attorney there with you?

A. No, sir. I didn't know that I needed one. I just thought I was supposed to obey her, so I signed the paper.


## ANALYSIS

### I. Right to Revocation Hearing and Assistance of Counsel

The legislature of this state has vested in the trial court sole authority to grant suspension of sentences and probation to defendants. See Tenn. Code Ann. § 40-35-303. Trial courts are also granted broad authority to revoke a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40-35-311 . . . ." Tenn. Code Ann. § 40-35-310. The procedures outlined in Section 40-35-311 are fundamental to our system of justice because a defendant who is granted probation has a liberty interest that must be protected by due process. See State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997) (citing Practy v. State, 525 S.W.2d 677, 680 (Tenn. Crim. App. 1974)). The procedures for revocation of probation mandated by our legislature have been determined by this court to comply with federal constitutional standards as set forth in the leading case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)[5]. See Practy, 525 S.W.2d at 682 ("This State's procedure for revocation of sentence suspension and probation is an orderly one

---

[5]The minimum requirements of due process in probation revocation hearings relied on by the Court in Gagnon are the following:

> "(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

Id. at 786, 93 S. Ct. at 1761-62 (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972)).

affording a probationer full protection of his constitutional right to due process."). Those orderly procedures include the following:

> (b) Whenever any person is arrested for the violation of probation and suspension of sentence, the trial judge granting such probation and suspension of sentence, the trial judge's successor, or any judge of equal jurisdiction who is requested by such granting trial judge to do so shall, at the earliest practicable time, inquire into the charges and determine whether or not a violation has occurred, and at such inquiry, the defendant must be present and is entitled to be represented by counsel and has the right to introduce testimony in the defendant's behalf.

Tenn. Code Ann. § 40-35-311(b) (Supp. 1999).[6]

The trial court also has the authority to modify the conditions of probation during the term of probation supervision, but the trial court may not make the conditions of supervision more onerous than those originally imposed except pursuant to a revocation proceeding as provided by law. See Tenn. Code Ann. § 40-35-308(b). Those proceedings are set out in Section 40-35-311, as quoted above.

In this case, the trial court had the authority to modify the defendant's probation on October 14, 1994, because her term of probation did not end until November 19, 1994. The order, styled an "Agreed Order Extending Probation" and signed by the trial court on October 14, 1994, made the terms of the defendant's probation more onerous than those originally imposed by extending the period indefinitely. Therefore, the defendant was entitled to the procedural due process protections of a revocation hearing. The fact that no hearing was held is undisputed. Ms. Worsham testified that the defendant never appeared in court when her probation was extended indefinitely on October 14, 1994. The State initially argued that the defendant had waived the right to a hearing and to assistance of counsel by virtue of having signed the order form in the office of Ms. Worsham. However, the State now agrees that such a waiver is clearly ineffective.[7] The defendant's probation

---

[6] The version of this section in effect in October 1994, was slightly different:
> (b) Whenever any person is arrested for the violation of probation and suspension of sentence, the trial judge granting such probation and suspension of sentence, or his successor, shall, at the earliest practicable time, inquire into the charges and determine whether or not a violation has occurred, and at such inquiry, the defendant must be present and is entitled to be represented by counsel and has the right to introduce testimony in his behalf thereon.

Tenn. Code Ann. § 40-35-311 (1990).

[7] The law of this state provides the following:
> **Waiver of right to counsel—Writing—Procedure for acceptance.**—(a) No person in this state shall be allowed to enter a plea in any criminal prosecution or

(continued...)

was being made more onerous; she was entitled to a hearing and to assistance of counsel; any waiver of the right to counsel had to be determined by the trial judge in open court to be knowing and voluntary.

We conclude that the defendant's due process rights were violated when the conditions of her probation were made more onerous than those originally imposed, and she was not afforded a revocation hearing or assistance of counsel. The defendant's signature on the pre-printed Agreed Order Extending Probation did not constitute an effective waiver of her rights. Consequently, the extension of her probation is null and void.

## II. Authority of Trial Court to Modify Probation

The authority of the trial court to modify any condition of probation during the term of probation supervision is limited by Tennessee Code Annotated Section 40-35-308. When the modification of probation supervision results in probation conditions more onerous than those originally imposed by the trial court, not only must a probation revocation hearing be held, but the trial court is further restricted to an extension period not in excess of two years. See Tenn. Code Ann. § 40-35-308(c) ("Notwithstanding the actual sentence imposed, at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years."). Here, the extension of the trial court was for an "indefinite" period until costs and restitution were paid in full. Such a modification was in clear violation of express statutory provisions. As such, it is subject to being set aside at any time as illegal. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). We conclude that the modification ordered by the trial court is null and void.

---

[7](...continued)
other proceeding involving a possible deprivation of liberty when not represented by counsel, unless such person has in writing waived the right to the assistance of counsel.

(b) Before a court shall accept a written waiver of the right to counsel, the court shall first advise the person in open court concerning the right to the aid of counsel in every stage of the proceedings. The court shall at the same time determine whether or not there has been a competent and intelligent waiver of such right, by inquiring into the background, experience and conduct of the person and such other matters as the court may deem appropriate. If a waiver is accepted, the court shall approve and authenticate it and file it with the papers of the cause, and if the court is one of record, the waiver shall also be entered upon its official minutes.

Tenn. Code Ann. § 8-14-206.

**CONCLUSION**

We conclude that the extension of the defendant's probation supervision on October 14, 1994, was void for two reasons: (1) the modification made the conditions of probation supervision more onerous than those originally imposed, and the defendant was not afforded a probation revocation hearing with the assistance of counsel as provided by law; and (2) the trial court was without authority to extend defendant's probation supervision for more than two years.  Therefore, the defendant's probation ended on November 19, 1994, as originally imposed.  The trial court's order of July 1, 1999, which is the subject of this appeal, is vacated as having been entered without jurisdiction to act.

_____
ALAN E. GLENN, JUDGE