IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2003

**STATE OF TENNESSEE v. STEVEN RAY HICKS**

**Direct Appeal from the Circuit Court for Cocke County**
**No. 6954    Ben W. Hooper, II, Judge**

**No. E2002-02143-CCA-R3-CD**
**July 14, 2003**

The Defendant appeals from an order of the trial court which found him to be in violation of the conditions of his probation and ordered his sentence to be served in confinement. The State concedes that the trial court erred. Because the Defendant's term of probation had expired at the time the probation violation warrant was issued, the trial court's order finding the Defendant to be in violation of his probation is vacated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

David B. Hill, Newport, Tennessee, for the appellant, Steven Ray Hicks.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Alfred C. Schmutzer, Jr., District Attorney General; and James B. Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 20, 1997, the Defendant pled guilty to and was convicted of theft of property over the value of one thousand dollars, a Class D felony. He received a four-year sentence, all of which was suspended, and his sentence was ordered to be served on probation.

On February 7, 2001, approximately one month prior to the expiration of his probated sentence, the Defendant met with his probation officer. At that time, the Defendant and his probation officer each signed an "agreed order extending probation." The order stated that the Defendant admitted that he had violated the terms and conditions of probation by failing "supervision fees of 760.00 thru 3-01." The order also stated that the Defendant waived his right to be represented by counsel and waived his right to a hearing before the court concerning the revocation

or extension of his probation. Finally, the order provided that, with the Defendant's consent, his probation was extended for a period of one year, thus extending the term of probation until March 3, 2002. The record is clear that the Defendant did not have a hearing and never appeared before the trial judge concerning the extension of his probation. The written order was subsequently presented to the trial judge by the probation officer, and the order was signed by the trial court judge and was filed on February 16, 2001.

On August 6, 2001, a probation violation warrant was issued alleging the Defendant violated the terms of his probation by changing his residence without permission, failing to report as instructed, and failing to pay supervision fees in excess of $760.00.

The Defendant filed a motion to dismiss the probation violation warrant on the grounds that the order extending the terms of his probation was invalid and of no effect. In his motion, the Defendant relied upon this Court's decision in State v. Merriweather, 34 S.W.3d 881 (Tenn. Crim. App. 2000). The trial court denied the motion, apparently reasoning that extending the length of the probation by one year did not have the effect of making the conditions of supervision more onerous than originally imposed. The Defendant was subsequently found to be in violation of the terms of his probation, and his probation was revoked. It is from the order of the trial court revoking his probation that the Defendant appeals. The State concedes that the trial court had no jurisdiction to revoke the Defendant's probation. We reverse the judgment of the trial court and vacate the order finding the Defendant to have violated his probation.

During the terms of a defendant's probation, the sentencing court may modify the conditions of probation. See Tenn. Code Ann. § 40-35-308(a)(1). However, the sentencing court may not make the conditions of supervision more onerous than originally imposed, except pursuant to a revocation proceeding as provided by law. See id. § 40-35-308(b). Finally, at the conclusion of a probation revocation hearing, the sentencing court has the authority to extend a period of probation for an additional time not to exceed two years. See id. § 40-35-308(c).

In Merriweather, the trial court, without a hearing, ordered that the Defendant's probation be extended indefinitely until restitution and costs were paid in full. See Merriweather, 34 S.W.3d at 882. This Court concluded that the defendant's due process rights had been violated because the conditions of the defendant's probation were made more onerous than originally imposed, and the defendant was not afforded a revocation hearing or the assistance of counsel. See id. at 885. This Court thus held that the extension of probation was null and void. See id.

We believe that extending the length of a defendant's probation makes the conditions of supervision more onerous than originally imposed. Thus, this modification may not be made except pursuant to a revocation proceeding. See Tenn. Code Ann. § 40-35-308(b). Furthermore, a sentencing court has the authority to extend a defendant's period of probation supervision only "at the conclusion of a probation revocation hearing." Id. § 40-35-309(c) (emphasis added).

The order of the trial court extending the Defendant's probation for one year is void. The order of the trial court finding the Defendant to be in violation of his probation is reversed and vacated. This case is remanded to the trial court solely for the purpose of entering an order dismissing the probation violation warrant.

_____
DAVID H. WELLES, JUDGE