IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2003

## STATE OF TENNESSEE v. JEREMY CHRISTOPHER HWANG

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 233446     Douglas A. Meyer, Judge**

_____

**No. E2002-03034-CCA-R3-CD**
**October 13, 2003**
_____

The defendant appeals the trial court's revocation of his probation, arguing that his due process rights were violated because (1) the trial court allowed the State to amend the revocation petition to include as additional grounds his subsequent convictions for theft and criminal impersonation, without providing him prior written notice; and (2) the trial court failed to issue adequate findings of fact in support of its decision. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Daniel J. Ripper, Chattanooga, Tennessee, for the appellant, Jeremy Christopher Hwang.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; William H. Cox, III, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On November 29, 2000, the defendant, Jeremy Christopher Hwang, pled guilty in the Hamilton County Criminal Court to aggravated burglary, theft of property, DUI first offense, possession of burglary tools, and underage possession of alcohol. He received an effective sentence of six years in the Department of Correction, suspended, with the trial court placing him on intensive supervised probation. Among the conditions of the defendant's probation were that he obey all laws of the United States, as well as any municipal ordinances, and immediately report all arrests, regardless of outcome, to his probation officer.

On May 25, 2001, the defendant's probation officer filed a probation violation report alleging that the defendant had violated the terms of his probation by violating curfew, being arrested for underage drinking and theft of property, and failing to report his arrests to his probation officer. From what we have been able to glean from the record, these violations resulted in the trial court's revoking the defendant's probation and ordering a period of "shock incarceration" in the Department of Correction, before again suspending the defendant's sentence and returning him to intensive probation. At that time, the trial court also apparently warned the defendant that his next violation of probation would result in his having to serve his entire sentence in prison.

On May 23, 2002, the defendant's probation officer filed another probation violation report, alleging the defendant had violated the terms of his probation, *inter alia*, by being arrested on May 12, 2002, for an April 18, 2002, theft of compact discs from Turtle Records in East Ridge, and by failing to report the arrest to his probation officer. At the defendant's December 13, 2002, probation revocation hearing, the State moved to amend the allegations to include the additional grounds of the defendant's June 6, 2002, pleas of guilty in the Hamilton County General Sessions Court to theft and criminal impersonation. Both of these convictions arose out of offenses that occurred at a Wal-Mart on June 1, 2002.

Defense counsel objected to the amendment on the grounds that the defendant had not been given written notice of the additional violations. The trial court overruled the objection but offered to continue the hearing to a later date. However, defense counsel refused, informing the trial court that the State had already told him about the convictions and that the defendant was willing to proceed with the hearing. After the State introduced the defendant's judgments as exhibits to the hearing, defense counsel additionally informed the court that the defendant could not dispute the convictions. Based on the evidence of the defendant's convictions, the trial court found that the State had made out a prima facie case for revocation. Accordingly, the trial court revoked the defendant's probation and ordered that he serve his sentence as originally imposed.

## ANALYSIS

The defendant contends the trial court abused its discretion in revoking his probation and violated his due process rights by allowing the State to amend the revocation petition without providing written notice of the additional charges and by failing to make findings of fact in support of its decision to revoke the defendant's probation. The State asserts that the defendant received ample notice that the State intended to use his arrests and convictions as grounds to support the revocation of his probation, and that the trial court's findings were sufficient to show the grounds upon which it relied for its decision.

A defendant who has been granted a suspended sentence and placed on probation has a conditional liberty interest that is protected by due process of law. See State v. Merriweather, 34 S.W.3d 881, 884 (Tenn. Crim. App. 2000); State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). In Gagnon v. Scarpelli, the United States Supreme Court set forth certain elements needed to establish the "'minimum requirements of due process'" in a probation revocation

proceeding, including "'written notice of the claimed violations of (probation or) parole'"; "'disclosure to the (probationer or) parolee of evidence against him'"; and "'a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'" 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62, 36 L. Ed. 2d 656 (1973) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972)). Tennessee courts have held that these due process requirements are met when there is proof that the defendant had actual notice of the charges against him, see State v. Christopher Lynch, No. E2001-00197-CCA-R3-CD, 2002 WL 554462, at *3 (Tenn. Crim. App. Apr. 16, 2002) (citations omitted) ("Though written notice is preferred, . . . actual notice will suffice to meet the due process requirements in a revocation of probation proceeding"), and when the trial court makes oral findings of fact at the revocation hearing sufficient to show the grounds for the revocation and the reasons for the court's findings. See State v. Leiderman, 86 S.W.3d 584, 591 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 2002).

If the trial court finds by a preponderance of the evidence that a violation of probation has occurred, it is granted the broad authority to revoke the suspended sentence and reinstate the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (1997). Thus, the revocation of probation lies within the sound discretion of the trial court. Stubblefield, 953 S.W.2d at 226; State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Furthermore, to show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

In this case, defense counsel conceded at the hearing that the State had previously notified him of its intention to use the defendant's convictions. Moreover, when offered a continuance by the trial court, he refused on the basis that it was unnecessary and informed the court that the defendant was willing to proceed with the hearing that day:

> [DEFENSE COUNSEL]: We would object to the amendment, Your Honor. The petition -- probation violation report that we got has three violations listed, one of which is a theft charge alleged at Turtle's Records, which a no true bill came back on, and then there are two technical objections [sic]. But these cases happened about six months ago, and at no point during that time has the State moved to, to amend its petition. We'd object to the amendment.
>
> THE COURT: Okay. Well, they can amend it today.
>
> . . . .
>
> THE COURT: And we can schedule the hearing later if that's what you want to do.

[DEFENSE COUNSEL]: Your Honor, if you could note our objection, but there's no need to continue the hearing because, as [the prosecutor] said, he had told me about them and so there's no need to continue the hearing, but note our objection for the record to the amendment.

THE COURT: Well, of course, your, your client is entitled, when the State files an amendment, to have time to prepare for that, so I'm, I'm perfectly willing to give you time.

[DEFENSE COUNSEL]: I understand that, and I've spoken with that -- about that with my client --

THE COURT: Okay.

[DEFENSE COUNSEL]: -- and we're willing to go forward today –

THE COURT: All right.

[DEFENSE COUNSEL]: -- with our objection.

Furthermore, the trial court's statements at the hearing made it clear that it was relying on the defendant's June 6, 2002, convictions as the grounds for revoking his probation. Immediately following the above colloquy, the following transpired:

[PROSECUTOR]: Like I say, if I can just offer these [defendant's judgment sheets] as an exhibit.

THE COURT: Okay.

(Thereupon, Exhibit 1 was marked and filed.)

[PROSECUTOR]: He was represented by counsel and he did waive his right to a jury trial.

THE COURT: All right. [Defense Counsel], the State has made out a prima facie case for revocation. Your client has been convicted.

[DEFENSE COUNSEL]: And my client cannot dispute the convictions, Your Honor.

Defense counsel then informed the court that he had no proof to offer on the convictions and merely wished the trial court to consider placing the defendant on "some level of probation." The

State, in turn, reminded the court of its previous warning to the defendant of the consequences he would pay if he again violated his probation. The trial court concluded by observing that the defendant "did violate conditions of probation," and that it had no choice but to order his sentence into execution. Although the trial court's statement at that precise moment in the hearing did not specify what "conditions of probation" had been violated, it is abundantly clear from the record that the court was referring to the defendant's June 6, 2002, convictions. The trial court had just admitted the judgments of those convictions into evidence, the defendant had just conceded the convictions, and the only one of the defendant's alleged probation violations addressed at the short hearing, which is covered in only six pages of transcript, was the defendant's June 6, 2002, convictions. Therefore, we conclude that the defendant's due process rights were not violated and that the trial court did not abuse its discretion in revoking his probation.

_____
ALAN E. GLENN, JUDGE