# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 2, 2004 Session

## STATE OF TENNESSEE v. CLAY JONES

**Direct Appeal from the Circuit Court for Madison County**
**Nos. 00-685;00-686      Donald H. Allen, Judge**

---

**No. W2003-01205-CCA-R3-CD  - Filed May 19, 2004**

---

The Appellant, Clay Jones,[1] appeals from the judgment of the Madison County Circuit Court revoking his community corrections sentences.  In May of 2001, Jones pled guilty to two counts of sale of a counterfeit controlled substance.  Pursuant to a  negotiated plea agreement, Jones received concurrent two-year sentences with placement in the Community Corrections Program.  On October 22, 2002, a warrant was issued alleging violations of his behavioral contract.  However, the warrant only listed one indictment number.  Following a revocation hearing, he was found in violation of his community corrections sentences under both indictment numbers.  On appeal, Jones raises the following issues for our review: (1) whether, prior to waiver of his right to counsel and subsequent inculpatory admissions at the revocation hearing, due process required the trial court to inform him that he could be resentenced to consecutive terms if his sentences were revoked; (2) whether lack of proper notice of revocation deprived him of due process; and (3) whether resentencing him to consecutive terms was proper.  After review, we affirm the trial court's revocation of Jones' sentence in the case in which notice was received.  However, with regard to revocation of his sentence in which no notice was received, we find that the proceedings failed to afford fundamental due process protections and reverse the trial court's order of revocation.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part; Reversed in Part.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined.  JOE G. RILEY, J., filed a separate concurring opinion.

George Morton Googe, District Public Defender, Jackson, Tennessee, for the Appellant, Clay Jones.

---

[1] The indictments reflect that the Appellant's name is Clay Jones; however, on some documents in the record, his name appears as Stanley Clay Jones or Stanley C. Jones.  Our policy is to use the name as it appears on the indictment.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On August 28, 2000, a Madison County grand jury returned two separate indictments against the Appellant. Indictment number 00-685 charged the Appellant with sale and/or delivery of counterfeit LSD on May 9, 2000, and indictment number 00-686 charged him with sale and/or delivery of counterfeit methamphetamine on June 19, 2000. On an unspecified date, the Appellant was also charged with facilitation of aggravated assault. Thereafter, pursuant to a negotiated plea agreement, the Appellant pled guilty to two counts of sale of a counterfeit controlled substance, and the charge for facilitating aggravated assault was dismissed. The Appellant, as a Range I standard offender, was sentenced to two years on each count of sale of a counterfeit controlled substance, and these sentences were to be served concurrently in the Community Corrections program.

The Appellant's Community Corrections case officer, Grace Bynum, submitted a request for a violation warrant early in October of 2002.[2] The warrant, which only listed indictment number 00-685, alleged the following violations:

1. Failed to remain home during curfew hours.

2. Failed to remain employed. Mr. Jones has not held full time employment[.]

3. Failed to pay costs, fines & restitution. Mr. Jones has never paid.

4. Failed to report to the community corrections office as directed. Mr. Jones has failed to report on numerous occasions.

5. Failed to pay supervision fees as ordered. Mr. Jones is in arrears $555.00 with said fees.

6. Failed to report to health department for DNA testing.

On October 18, 2002, an addendum to the warrant was filed, alleging that:

---

[2]This is apparent from her testimony at the revocation hearing. However, the warrant was not issued until October 22, 2002, and the Appellant was not served with the warrant until February 12, 2003.

Mr. Jones is in violation of Rule #12 which states, "Offenders will obey all of the laws of the State of Tennessee, United States, or any state in which he/she may be, as well as any municipal ordinances. Any violation of the law shall be reported to the case officer within 24 hours. This includes traffic violations. Failure to report will be a serious infraction of the rules." Mr. Jones was arrested on 9-21-02 for Evading Arrest when McNairy County Deputy Lambert attempted to pick him up on Hardeman County warrants, # 89935 and # 89936, for Forgery and Theft.

This addendum contained both indictment numbers; however, there is no indication in the record that this document was served on the Appellant.

A hearing was held on February 18, 2003. At the hearing, the Appellant was informed of the allegations against him and his rights, including his right to counsel. After questioning by the court, the Appellant waived his right to counsel. The trial court then proceeded to hear testimony from the Appellant and Bynum. The Appellant admitted "most" of the allegations were true, although he disputed certain details. Following the testimony, the trial court found that the Appellant had violated the terms of his behavioral contract in a substantial way, and an order was entered to that affect on February 19, 2003. The trial court scheduled a resentencing hearing for March 20, 2003, and ordered the preparation of a pre-sentence investigative report.

On March 20, 2003, a sentencing hearing was commenced. On this same date, the Appellant filed an affidavit of indigency seeking the appointment of an attorney. Following the Appellant's request, the trial court reconsidered the Appellant's previous waiver of counsel and appointed counsel to assist the Appellant with regard to sentencing determinations. The hearing was continued until the next day. On March 21, 2003, the pre-sentence report was entered into evidence, and testimony was heard from the Appellant concerning the various allegations in the warrant and addendum. Concerning his failure to report his arrests for misdemeanor and felony evading arrest, the Appellant testified that these charges were to be dismissed following his assistance with narcotics officers in other investigations. The Appellant stated that he had discussed this arrangement with Bynum and that she had approved his involvement. The trial court, concluding that this explanation was implausible, reset the hearing again to hear testimony from Bynum concerning this matter.

On April 14, 2003, Bynum testified that the Appellant had never discussed with her any arrangement to assist narcotics officers. She stated that such an arrangement was "strictly against policy" and required approval by the court. The court inquired if the Appellant had anything to say in response to Bynum's testimony, and the Appellant declined to make a statement, relying on his privilege against self-incrimination. At the conclusion of the hearing, the trial court resentenced the Appellant to consecutive two-year terms to be served in the Department of Correction, and he was given credit for time served in the Community Corrections Program. This effective four-year sentence was also ordered to be served consecutively to his eleven-month and twenty-nine-day

sentence for passing a worthless check in Hardeman County.[3]  The Appellant filed a notice of appeal on May 13, 2003.[4]

## ANALYSIS

### I.  Due Process

A revocation hearing is described as a flexible, informal proceeding.  *Black v. Romano*, 471 U.S. 606, 613, 105 S. Ct. 2254, 2258 (1985); *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993). While the accused is not entitled to "the full panoply of procedural safeguards associated with a criminal trial," *Black*, 471 U.S. at 613, 105 S. Ct. at 2258, the Due Process Clause contained in the Fourteenth Amendment to the United States Constitution and the Law of the Land provision contained in Article I, Section 8 of the Tennessee Constitution require that the accused be afforded certain basic rights.  The minimum requirements mandated by the Due Process Clause include:

(a) written notice of the claimed violations of [probation or] parole;

(b) disclosure to the [probationer or] parolee of evidence against him;

(c) opportunity to be heard in person and to present witnesses and documentary evidence;

(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);

(e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604)(1972); *see also Wade*, 863 S.W.2d at 408.

### A.  Statements of the Trial Court

First, the Appellant argues "that his due process rights were violated since he was told by the Court that if he admitted the violations his probation (sic) could be revoked and that he could be ordered to serve this sentence or at least some portion of it in the Department of Corrections."

---

[3] This Hardeman County sentence was to be suspended after service of sixteen days on weekends.

[4] The Appellant's notice of appeal was prematurely filed as the judgments of conviction were not entered until July 21, 2003.  However, Rule 4(d), Tennessee Rules of Appellate Procedure, provides that a notice prematurely filed is treated as having been filed after entry of the judgment from which the appeal is taken.

Specifically, he contends that, before the trial court permitted him to waive his right to an attorney, due process required the trial court to inform him that he could be re-sentenced to consecutive two-year terms. The Appellant compares the revocation proceedings to a guilty plea and, relying upon *State v. Mackey*, 553 S.W.2d 337, 341 (Tenn. 1997), contends that the court was required to inform him of the maximum penalty provided by law.

Prior to the Appellant's inculpatory admissions, the trial court informed the Appellant of the allegations against him, his right to have an attorney assist in his defense, and his right to an evidentiary hearing on the allegations. The trial court went on to explain:

> THE COURT: Now, I do want you to understand, too, that you can admit to these allegations, that is, you'd be pleading guilty to these violations that I've just gone over with you. But I do want you to understand that if you admit to these violations your probation could be revoked and you could be ordered to serve this sentence or at least some portion of this sentence in the Tennessee Department of Corrections. Okay?
>
> So, with that being said, Mr. Jones how do you wish to proceed in this matter?
>
> MR. JONES: Well, most of it's true.
>
> THE COURT: Most of it's true? Is there some of it that's not true?
>
> MR. JONES: Yes, sir.
>
> THE COURT: All right. So, do you want to admit to some of these and deny some of these? Is that what you're telling me?
>
> MR. JONES: Yes, sir.
>
> THE COURT: All right. Well, do you want to have an attorney to represent you in this matter? It's up to you.
>
> MR. JONES: I'll just admit to them. I'll just admit to them.
>
> THE COURT: All right. Well, are you telling me you do not want to have an attorney represent you?
>
> MR. JONES: No, sir.

After hearing testimony from the Appellant and his community corrections case officer, the trial court determined that the Appellant had violated the terms of his agreement.

Our supreme court, in *State v. Griffith*, 787 S.W.2d 340 (Tenn. 1990), held that "the decision to resentence a defendant to a sentence greater than his original sentence does not . . . violate the guarantees against double jeopardy." *Griffith*, 787 S.W.2d at 342. The court, relying on Tennessee Code Annotated sections 40-36-106(e)(2) and e(4),[5] reasoned that:

> the sentencing of a defendant to a community based alternative to incarceration is not final, but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society and allows the court to monitor the defendant's conduct while in the community corrections program. A defendant sentenced under the Act has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed. This being so, the decision to resentence a defendant to a sentence greater than his original sentence does not subject the defendant to multiple punishments for the same offense; rather, the practice reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence to a community based alternative to incarceration was not effective.

*Id.* Applying the rationale of *Griffith* and the mandates of *Gagnon v. Scarpelli*, we conclude that due process does not require the trial court to inform a defendant of the maximum penalty provided by law before permitting him to waive his right to an attorney.

Additionally, the Appellant argues that he had a right to counsel and that counsel should have been appointed at the beginning of the proceedings. We disagree and conclude that the Appellant

---

[5]The primary purpose of the Community Corrections Act was "to establish a policy within the State of Tennessee to punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." *Griffith*, 787 S.W.2d at 341. As an aid in accomplishing this purpose, it is provided in Tennessee Code Annotated section 40-36-106(e)(2) (2003) that:

> In sentencing an eligible defendant to any community-based alternative to incarceration, the court shall possess the power to set the duration of the sentence for the offense committed at any period of time up to the maximum sentence within the appropriate sentence range, and shall retain the authority to alter or amend at any time the length, terms or conditions of the sentence imposed.

Tennessee Code Annotated section 40-36-106(e)(4) (2003) grants the trial judge the authority to resentence a defendant following a revocation of the original sentence. *Griffith*, 787 S.W.2d at 341-42.

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant . . . , and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4).

knowingly and voluntary waived his right to counsel.  *See State v. Merriweather*, 34 S.W.3d 881, 885 (Tenn. Crim. App. 2000) (any waiver of the right to counsel had to be determined by the trial judge in open court to be knowing and voluntary).  The trial court informed the Appellant three times that he was entitled to the assistance of counsel.  The Appellant responded that he would just admit to the violations and did not want an attorney to assist in his defense.  This issue is without merit.

## B.  Warrant

Next, the Appellant challenges the revocation of his two-year sentence for the sale of a counterfeit controlled substance under indictment number 00-686.  He argues that the trial court did not have the authority to revoke his sentence because there was no indication in the record that a revocation warrant was issued for the 00-686 sentence.  The State contends that the Appellant had actual notice of the intent to revoke his sentence in both cases.

In the present case, the violation warrant only listed indictment number 00-685.  While an addendum to the warrant was filed, which listed both docket numbers, there is no indication in the record that this document was ever served on the Appellant.  During the revocation hearing, the first time indictment number 00-686 was noted was during the trial court's pronouncement of revocation and, while the addendum was mentioned by the Appellant's case officer during the hearing, indictment numbers were not referenced.  Accordingly, we conclude that the Appellant was not placed on notice by the violation warrant nor was actual notice received in any form prior to the hearing that his community corrections sentence was being revoked under indictment number 00-686.  These notice requirements could have been remedied by amendment to the warrant or waiver by the Appellant.  We find that the revocation proceeding violated the minimal due process requirements of *Gagnon v. Scarpelli.*  The trial court's order of revocation of the Appellant's 00-686 two-year sentence is reversed.

## II.  Consecutive Sentencing

Lastly, the Appellant contends that the trial court erred by ordering that his two-year sentences run consecutively to one another.  Our ruling reversing the revocation of the Appellant's 00-686 sentence, renders this issue moot.  The State is precluded from seeking revocation of the Appellant's 00-686 upon remand because the sentence has expired, as no violation warrant was ever filed and actual notice was not received prior to revocation.  *See* Tenn. Code Ann. § 40-35-310 (2003) (trial court may revoke suspension of sentence "at any time within the maximum time which was directed and ordered by the court for such suspension"); *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (trial court generally must revoke probation within probationary period, although issuance of revocation warrant within probationary period will toll passage of time within which court must act); *State v. Jess R. Amonette*, No. M2001-02952-CCA-R3-CD (Tenn. Crim. App. at Nashville, Aug. 29, 2002); *State v. Larry Ammons*, No. W2001-00834-CCA-R3- CD (Tenn. Crim. App. at Jackson, Mar. 18, 2002), *perm. to appeal denied*, (Tenn. 2002).  Accordingly, further review is unnecessary.

-7-

## CONCLUSION

Based upon the foregoing, we conclude that the trial court was not required to inform the Appellant that he could be resentenced to consecutive terms if he was found to be in violation of his community corrections sentences. Accordingly, we affirm the revocation of the Appellant's two-year community corrections sentence under indictment number 00-685. However, with regard to revocation of his two-year sentence under indictment number 00-686, we find that the proceedings failed to comply with due process requirements. Therefore, we reverse the trial court's order of revocation with regard to the Appellant's sentence in case number 00-686.

_____
DAVID G. HAYES, JUDGE