# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 24, 2010

## STATE OF TENNESSEE v. HYMAN E. MILLER

### Appeal from the Circuit Court for Rutherford County
### No.  F-59704    David Bragg, Judge

---

### No.  M2009-01204-CCA-R3-CD - Filed April 21, 2010

---

Appellant, Hyman E. Miller, pled guilty in Rutherford County to vehicular assault and second offense driving under the influence ("DUI").  Appellant was sentenced to eight years for the vehicular assault conviction.  That sentence was suspended and the trial court ordered Appellant placed on supervised probation for a period of ten years.  Appellant was sentenced to eleven months and twenty-nine days for the second offense DUI conviction.  He received pre-trial jail credit of seven months and twenty-two days.  The trial court ordered Appellant to serve this sentence on supervised probation for a period of four months and twenty-two days.  Subsequently, a probation violation warrant was filed against Appellant.  The trial court revoked probation, ordering Appellant to serve sixty days in jail before being reinstated to probation.  A second violation of probation warrant was filed against Appellant, alleging that Appellant had violated his probation in various ways.  After a hearing, the trial court revoked Appellant's probation and ordered him to serve his sentence in incarceration.  Appellant appeals the trial court's revocation of probation.  Because we determine that the trial court did not abuse its discretion in revoking Appellant's probation, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Brion J. Payne, Murfreesboro, Tennessee, for the appellant, Hyman E. Miller.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, and Trevor Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

On March 22, 2007, Appellant pled guilty to one count of vehicular assault, a Class D felony, and one count of second offense DUI. The plea agreement specified that Appellant would receive an eight-year sentence for the vehicular assault conviction and that the sentence was to be suspended and Appellant placed on ten years of supervised probation. For the second offense DUI conviction, Appellant received a sentence of eleven months and twenty-nine days, to be served on supervised probation for a period of four months and twenty-two days. Various conditions were placed on Appellant's probation, including that he: (1) maintain good and lawful behavior; (2) not use alcohol; (3) submit to random drug/alcohol screens; and (4) attend alcohol safety school and an alcohol rehabilitation program.

On June 6, 2008, the trial court issued a violation of probation order in Appellant's case. The order specified that it was an "Agreed Revocation, based on the grounds specified in the warrant." As a result of the revocation, Appellant was ordered to serve sixty days in jail prior to being reinstated to probation. The terms and conditions of Appellant's probation remained the same, with the exception that Appellant was required to "complete outpatient treatment at direction of probation officer and provide proof of treatment to probation officer."

On November 12, 2008, a second probation violation warrant was filed against Appellant. The warrant specified that it was a "technical" violation. Specifically, the warrant specified that Appellant:

> [V]iolated Rule 6 of his probation in that [Appellant] failed to report to his Probation Officer as instructed. [Appellant] was transferred to Memphis, TN on 8/29/2008 and missed his scheduled appointments on 9/11/2008 at 11:30 a.m., 9/18/2008 at 3:30 p.m. and 10/23/2008 at 3:00 p.m. This Officer spoke with [Appellant] by phone on 9/11/2008, 9/15/2008, 10/15/2008 and 10/22/2008; on each occasion [Appellant] was instructed to report to this Officer.

> [Appellant] violated Rule 7 of his probation in that [Appellant] failed to report to his probation officer and submit to drug screens as directed.

[Appellant] violated Rule 9 of his probation in that [Appellant] failed to verify his eligibility for Social Security Benefits and owes $90.00 at the writing of the probation violation report to the Supervision and Criminal Injuries Fund. Additionally, [Appellant] failed to verify payments in the amount of $75.00 each month to pay imposed court costs.

[Appellant] violated Rule 10 of his probation in that [Appellant] failed to verify his compliance with the special conditions. [Appellant] has not verified he completed the Alcohol Rehab and Alcohol Safety School.

Appellant failed to appear at the revocation hearing that was scheduled for January 15, 2009. The trial court issued a capias for Appellant's arrest. Appellant was subsequently arrested.

At the hearing on May 8, 2009, Appellant testified that he was on probation for a vehicular assault conviction. Appellant acknowledged several prior convictions, including two counts of facilitation of aggravated burglary and driving without a license. Appellant also admitted that he had previously violated his current probation but was able to work out an agreement to serve some time before being returned to probation.

Appellant explained that after the first violation, Appellant sought and was awarded a transfer of his supervision to Memphis. This occurred in August of 2008. Appellant claimed that his probation officer "forced" him to go to treatment and that, in his opinion, Lakeside Behavioral Health System in Memphis was the place where he needed treatment. According to Appellant, he was admitted on February 6, 2009, for inpatient treatment. Appellant remained in their care for approximately two weeks. Appellant also claimed that he was in Methodist Behavioral treatment center in Memphis several times. Appellant did not produce proof that he had completed treatment, but stated that he had "a document somewhere that shows where the insurance paid one of them."

Appellant admitted that he missed one of his report dates because of a doctor's appointment. Specifically relating to September 11, 2008, Appellant explained that it could have been "one of the days" that he had a doctor's appointment and had to "go by TennCare van to go to doctor appointments." Appellant then provided the court with a copy of a discharge summary from Methodist Healthcare that stated he had been in inpatient treatment from September 14, 2008, to September 25, 2008. The trial court gave Appellant the opportunity at that time to continue the hearing to obtain additional medical proof. Appellant insisted that he wanted to go forward with the hearing "due to his health."

Appellant remembered telephoning his probation officer several times, specifically on September 11, September 15, October 15, and October 22. Appellant claimed that the probation officer was "rude" and "never really worked with [him]." Appellant admitted that he did not contact the probation officer after October 22.

Appellant explained that he had been physically disabled for the past eighteen years due to a gun shot wound in the hip. After surgery, Appellant got an infection and was unable to have a hip transplant. Appellant was confined to a wheelchair at the time of the hearing and was again suffering from an infection in his hip. Appellant reported that he had a "dual diagnosis" of mental health issues, including posttraumatic stress disorder, bipolar disorder, "ETSD," clinical depression, and anxiety. Appellant admitted that he also abused drugs and alcohol. According to Appellant, the failure to report stemmed from his medical condition.

Donna Poindexter, an employee of the Tennessee Board of Probation and Parole, testified at the hearing. Appellant was a part of her caseload, but she had never met with Appellant because he had never reported as instructed. Ms. Poindexter reported that Appellant did not attend the September 11, 2008 meeting, but he called and told her that he was not feeling well. The meeting was rescheduled to September 18, 2008. On September 15, 2008, Appellant again called Ms. Poindexter and explained that he would not report on the 18th. Ms. Poindexter gave Appellant a warning and rescheduled the appointment for October 23, 2008. On the day prior to the appointment, Appellant called and said he was being evicted and would come to the office after he appeared in court with regard to the eviction. Appellant never showed up and never provided Ms. Poindexter with medical documentation to excuse his missed appointments. As a result of his failure to appear for multiple appointments, Ms. Poindexter filed the violation of probation warrant against Appellant on October 28, 2008.

On cross-examination, Appellant admitted the he did not report to his probation officer from November 2008, to February 2009.

At the conclusion of the hearing, the trial court determined that Appellant had violated probation, finding that it "heard factual evidence sufficient to support the violation" and that Appellant "conceded the violation." As a result, the trial court revoked probation and ordered Appellant to serve his original sentence in incarceration.

Appellant filed a timely notice of appeal.

*Analysis*

On appeal, Appellant claims that "[t]he judgment of the Court makes it clear that the Judge relied substantially on the assertion that [Appellant] had acknowledged that he had violated his probation based on the grounds specified in the warrant and that [Appellant] had conceded the violation." Specifically, Appellant contends that the record is "silent" regarding Appellant's admission or concession of the violation. The State, on the other hand, insists that the trial court did not abuse its discretion in ordering Appellant to serve his original sentence in incarceration based on a violation of the terms of his probation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(C) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Further, "[i]t is well established that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." *State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996). Moreover, a defendant who is already on probation is not entitled to an additional grant of probation or some other form of alternative sentencing. *State v. James Cravens*, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174, at *2 (Tenn. Crim. App., at Nashville, Oct. 2, 2003), *perm. app. denied*, (Tenn. Mar. 8, 2004).

In the case herein, Appellant acknowledged at the hearing that he had failed to report to his probation officer between the months of November and February. Appellant blamed his failure to report on his medical condition. In addition, Ms. Poindexter confirmed that Appellant had missed numerous meetings and had never reported to her as instructed. In fact, Appellant did not contact Ms. Poindexter at all between October 23, 2008, and the date of his arrest in March of 2009.

It is well established that during the term of a defendant's probation, the sentencing court may modify the conditions of probation. *See* T.C.A. § 40-35-308(a)(1). However, the sentencing court may not make the conditions of supervision more onerous than originally imposed, except pursuant to a revocation proceeding as provided by law. *See id.* § 40-35-308(b). Finally, at the conclusion of a probation revocation hearing, the sentencing court has the authority to extend a period of probation for an additional time not to exceed two years. *See id.* § 40-35-308(C).

-5-

In *State v. Merriweather*, 34 S.W.3d 882 (Tenn. Crim. App. 2000), the trial court ordered that the defendant's probation be extended indefinitely until restitution and costs were paid in full. *Id*. at 882. The trial court did this without a hearing on the matter. *Id.* This Court concluded that the defendant's due process rights had been violated because the conditions of the defendant's probation were made more onerous than originally imposed, and the defendant was not afforded a revocation hearing or the assistance of counsel. *See id.* at 885. This Court thus held that the extension of probation was null and void. *See id.*

The trial court in this case followed standard procedure for revoking Appellant's probation. Appellant had an opportunity to be heard at a hearing. The trial court even offered to allow Appellant to continue the hearing to secure additional paperwork to substantiate his claim that his medical condition led to his failure to report to the probation office. Appellant was represented by counsel and was given the opportunity to cross-examine the State's witness. The trial court placed its findings on the record and explained its decision for the revocation of probation. Moreover, the trial court ordered Appellant to serve his original sentence in incarceration. The trial court did not choose to extend the original sentence, thus making it more onerous. The trial court did not abuse its discretion. Appellant's reliance on *Merriweather* is misplaced. Appellant is not entitled to relief on this issue.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE