IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

## STATE OF TENNESSEE v. JAQUECE FITZGERALD

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-8402 / II-302-109-A     R.E. Lee Davies, Judge**

_____

**No. M2004-02441-CCA-R3-CD - Filed June 8, 2005**

_____

The appellant, Jaquece Fitzgerald,[1] appeals the revocation of his probation by the Williamson County Circuit Court. On appeal, the appellant presents the single issue of whether the trial court erred in revoking his probation without hearing the testimony of defense witnesses. After reviewing the issue, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

F. Shayne Brasfield, Franklin, Tennessee, for the appellant, Jacquece Fitzgerald.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mary Katherine White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts and Procedural History**

---

[1] The policy of this Court on direct appeal is to state an appellant's name as it appears in the indictment. In this case, the two indictments are divergent in reference to the appellant: one indictment lists the appellant as "Jaquece Fitzgerald, Alias," the second indictment lists the appellant as "Jaquece Geremaine Fitzgerald." The appellant is also listed as "Jaquece G. Fitzgerald," "Jaquece Germaine Fitzgerald," "Jaquece J. Fitzgerald," and "Jacwuece Fitzgerald" in the record. This opinion will refer to the appellant as "Jaquece Fitzgerald."

On October 29, 2002, the appellant pled guilty to the sale or delivery of cocaine in an amount of less than .5 grams, a class C felony.[2] The trial court ordered the appellant to pay a $2000 fine and serve a three-year sentence, suspended on intensive probation after sixty days incarceration. Thereafter, on August 15, 2003, the appellant pled guilty to an additional count of the sale of cocaine in an amount of less than .5 grams, a class C felony. Instead of incarcerating the appellant for the offense and reinstating his original sentence, the trial court imposed an additional six-year suspended sentence to be served consecutively in Community Corrections and fined the appellant $3000. The appellant was also ordered to serve one year in drug court, with eligibility for furlough after ninety days of service or upon further orders of the drug court.[3]

In June 2004 the appellant's probation officer filed a violation of probation warrant, stating that the appellant: (1) was arrested on June 8, 2004, for DUI, violation of the implied consent law, failure to carry a driver's license, and unlawful removal of a license plate; (2) had not reported his arrest for the June 8, 2004 charges; (3) had never verified employment; (4) had presumably moved without notification because his probation report and arrest warrant addresses differed; and (5) was delinquent in fine and fee payment. The warrant was amended in August 2004 to include an allegation that the appellant had not reported to his probation officer since June 3, 2004.

In a probation revocation hearing held in September of 2004, the appellant's probation officer testified that the appellant was specifically informed of and signed the rules of his probation. The appellant admitted that he violated his probation by: (1) receiving a new criminal charge; (2) not maintaining employment; (3) not reporting to his probation officer; and (4) not paying fines and fees. The trial court then interjected:

> Well . . . I'm not sure why we're having this hearing to be honest with you.
>
> . . . .
>
> We got a situation . . . where you were in drug court which is kind of the last stop. Most people when they get out, if they don't make it through drug court, go directly to jail. You kind of got a special consideration because of your medical condition. But you, I mean, you elected for whatever reason that you couldn't stand the pain, so you had to have [medication] so you couldn't complete the program.

---

[2] Although the indictment states ".5 grams or more" and the State's brief says that the appellant "pled guilty to the indictment as charged," we presume that the appellant pled guilty to the sale or delivery of cocaine in an amount *less than* .5 grams because the judgment form indicates that the appellant pled guilty to a class C felony. See Tenn. Code Ann. § 39-17-417 (c)(2)(A).

[3] Due to the consumption of prescription medicine to alleviate a medical condition, the appellant did not complete drug court as ordered. However, the trial court granted him a "special consideration" and allowed him to remain on intensive probation despite noncompliance with drug court.

All you've done from that point forward is to get into trouble, drinking, DUI, not reporting to [the probation officer], not paying, not verifying employment. You've just spiraled down and there's no reason for me not to revoke your probation, it just isn't.

I'm sorry that, you know, you may not think that's the best way to deal with your addiction, but I can deal with it very easily and that's to send you to jail and that's what I'm going to do. Probation is revoked.

At this point, the following colloquy ensued:

**Defense Counsel**: Your Honor, yes, I had more witnesses to call, and I would like to be heard.

**The Court**: I don't need to hear them. I've heard from him and I've heard enough.

**Defense Counsel**: Then I'm going to ask for a bond for an appeal. I believe [the appellant] has a right to have witnesses heard at his case. We admitted to certain violations - -

**The Court**: He's admitted to the violations and nothing that - - who are you going to call, his parents?

**Defense Counsel**: His mother and his aunt and I want - -

**The Court**: His mother and his aunt, now how is that going to change my mind?

**Defense Counsel**: Well, Your Honor, what I wanted to point out about our luxurious drug court is that [the appellant] was ordered by a medical doctor after - -

**The Court**: You're missing, you missed my entire point. He had a chance out of drug court and I didn't hold it against him and he went ahead and violated after drug court on intensive probation. That's why he's going to jail, not because he couldn't cut it in drug court.

This hearing is over, bond, $25,000.

The appellant now brings this appeal to argue that the trial court's refusal to hear his witnesses violated his due process rights.

**Analysis** [4]

Initially, we note that revocation of probation and a Community Corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation of probation or a Community Corrections sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt; the evidence need only show that the trial judge exercised a conscientious and intelligent judgment and did not act arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Once the trial court has found by a preponderance of the evidence that a defendant has violated the conditions of probation, the court is granted the broad authority to revoke the suspended sentence and reinstate the original sentence. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991); Tenn. Code Ann. § 40-35-310, -311. Thus, the revocation of probation is within the sound discretion of the trial court. Mitchell, 810 S.W.2d at 735.

This Court has previously determined that a defendant who has been granted a suspended sentence and probation has a liberty interest, although conditional, that is protected by due process of law. See State v. Merriweather, 34 S.W.3d 881, 884 (Tenn. Crim. App. 2000); State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997); Practy v. State, 525 S.W.2d 677, 680 (Tenn. Crim. App. 1974). However, the revocation of a defendant's probation does not implicate the full array of procedural protections attached to a criminal proceeding. See Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). Instead, a defendant facing revocation of probation is entitled only to the "minimum requirements of due process," including: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) the opportunity to be heard in person and present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown); (5) a neutral and detached hearing body; and (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revoking probation. Id.; see also Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (affording these limited protections to the revocation of parole).

In the instant case, the appellant argues that, since Gagnon ensures the "opportunity to be heard in person and present witnesses," the trial court infringed upon his limited due process rights by refusing to hear defense witnesses. What this argument overlooks is that the hearing process envisioned in Gagnon affords the "minimum requirements of due process" so as to justly resolve contested issues and disputed facts. See Morrissey, 408 U.S. at 490 ("If it is determined that [the appellant's] admitted parole [probation] violations . . . are found to be reasonable grounds for revoking parole [probation] under state standards, that would end the matter."). The purpose of the

---

[4] Preluding our analysis, we caution that the appellant has failed to cite to any portion of the appellate record in his brief. Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." In the interest of justice, we have chosen to address the merits of this appeal.

hearing is "to determine whether there is probable cause to believe [that the appellant] has committed a parole [probation] violation." Id. at 486-87. After the appellant admitted to violating his probation in various ways, no disputed facts or contested issues remained to be resolved through additional witnesses. Accordingly, we determine that the appellant's due process rights were not violated by the trial court. Additionally, after considering the former unsuccessful efforts to place the appellant in alternative sentencing and his admissions of violation, we conclude that the trial court did not abuse its discretion in reinstating the appellant's sentences.

## Conclusion

The judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE