IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 13, 2011

**STATE OF TENNESSEE v. STEVEN THACKER**

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 4894-G-PR      J. Curtis Smith, Judge**

---

**No. M2011-01061-CCA-R3-CD - Filed March 28, 2012**

---

Appellant, Steven Thacker, appeals the revocation of his probation, claiming that the trial court abused its discretion by revoking his probation and ordering execution of the original sentence. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and JOHN EVERETT WILLIAMS, J., joined.

Vanessa King and B. Jeffery Harmon, Jasper, Tennessee, for the appellant, Steven Thacker.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

As a result of plea negotiations, appellant pled guilty to theft of property more than $10,000 on March 26, 2008 and received a split sentence of four years, with 28 days to be served in confinement and the remainder on probation. Appellant's probation officer filed a probation violation report on May 30, 2008, alleging that appellant had violated the terms of his probation by absconding; failing to report to his probation officer; failing to pay supervision fees; failing to provide a DNA sample; and failing to perform court-ordered community service work.

At the February 28, 2011 probation revocation hearing, the State offered information based on Probation Officer Vanessa Raulston's report. On March 26, 2008, the probation

officer instructed appellant to report for his initial consultation on April 2, 2008. After failing to report as instructed on April 2, appellant called his probation officer and reported the following day, April 3, 2008. Officer Raulston told him to report on May 6, 2008, and to notify her of any change in residence. Appellant failed to report as scheduled on May 6, 2008. According to Officer Raulston's report, she called appellant's residence and spoke with Mary Sharp, who had not seen appellant since April 3, 2008. Appellant was subsequently arrested in Illinois.

In his testimony, appellant acknowledged that he failed to report in May. He contended that the court should excuse some of his behavior because he suffered from bipolar disorder. He stated that on the day he was to report to community service, he awakened too late to keep the appointment. He testified that he feared his probation would be revoked, causing him to flee to Chicago, Illinois, where he lived under a bridge. In Illinois, authorities arrested appellant for theft of a bicycle/theft of mislaid property, a charge that was later dismissed. He waived extradition in October, 2010, and authorities returned him to Tennessee. Appellant stated that if he were released to finish his sentence on probation, he would live with his father. The trial court set forth in its revocation order that appellant failed to respond to his probation officer and ordered that appellant serve his sentence in confinement.

In this appeal, appellant contends that the trial court abused its discretion by revoking his probation and ordering execution of the sentence. After a thorough review of the record, we affirm the trial court's order of probation revocation and order of incarceration.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to revoke the probation and suspension of sentence. Tenn. Code Ann. § 40–35–311(e)(1)(2010). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

Appellant argues that he should have been given written notice of the claimed violation of probation. This court has long acknowledged that the granting of probation confers upon the defendant an interest in liberty that is entitled to due process protection. *State v. Merriweather*, 34 S.W.3d 881, 884 (Tenn. Crim. App. 2000); *State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). The United States Supreme Court has construed "due process protection" to include the right to written notice of the alleged violations of probation; disclosure of evidence against him; an opportunity for a hearing, including the right to be heard in person and to present testimonial and documentary evidence; a neutral decision maker; and a written statement by the finder of fact as to the evidence relied upon and the reasons for revoking probation. *Black v. Romano*, 471 U.S. 606, 611-12 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). Moreover, Tennessee's legislatively defined procedures for revocation of probation have been determined by this court to comply with the federal constitutional standards outlined in *Gagnon* by the United States Supreme Court. *Merriweather*, 34 S.W.3d at 884.

The record reflects that police executed the revocation warrant on December 2, 2010. The warrant contained the facts upon which the probation officer relied in signing the affidavit in support of the warrant. It indicated that appellant moved from his address of record without notifying his probation officer and that he failed to report to his probation appointments on two separate occasions, April 2 and May 6, 2008. Appellant had ample notice of the probation revocation proceedings and the grounds alleged in support of the revocation well in advance of the February, 2011 hearing. We conclude that the notice required by due process was satisfied.

Appellant further asserts that he was entitled to a written statement by the trial court setting forth the evidence upon which it relied and the reasons for which it revoked probation. This issue has been raised and addressed by this court in a prior case. Pursuant to *State v. Liederman*, 86 S.W.3d 584, 589 (Tenn. Crim. App. 2002), we again hold that where the transcript indicates that the trial court made oral findings at the conclusion of the probation revocation hearing regarding both the grounds for revocation and the reasons for the court's finding, the requirement of a "written statement" is satisfied. Here, at the conclusion of the probation revocation hearing, the trial court made a brief statement on the record regarding appellant's failure to comply with the terms of probation and his failure to cope with his bipolar disorder as the bases for revoking appellant's probation. In this case, insufficiencies in the trial court's findings, if any, are rendered harmless in light of the probation revocation order, the appellant's admission of not reporting to his probation officer, appellant's garnering a new arrest, and the specifications of the charges. *See State v. Phillips*, No. E2001-00987- CCA-R3-CD, 2002 WL 256736, at *5 (Tenn. Crim. App. Feb. 22, 2002) (finding harmless error when failure to report arrests as required, which was charged and proven, would be sufficient to justify defendant's probation revocation). We

hold that any error involving a substantial right did not affect the judgment or result in prejudice to the judicial process. Tenn. R. App. P. 36(b). Thus, no due process violation occurred in this case.

Finally, appellant maintains that the trial court erred in failing to consider the sentencing principles as required by Tennessee Code Annotated Section 40-35-210(b)(3). Appellant's argument is not applicable in the context of a probation revocation hearing. This court has previously held that a defendant is not subject to resentencing under the sentencing guidelines as a result of a probation violation. *State v. Calvin Reeves*, No. M2002-02976-CCA-R3-CD, 2004 WL 1488570, at *2 (Tenn. Crim. App. July 2, 2004). We reasoned that in a probation revocation hearing, the trial court lacks authority to impose a new sentence or to increase the length of the original sentence. *Reeves* at *2 (citing *State v. Taylor*, 992 S.W.2d 941, 945 (Tenn. 1999)). Because the trial court's authority is limited by the nature of the proceedings, it follows that the trial court is not obligated to consider the sentencing statute in a probation revocation hearing. The trial court did not err in this regard.

In this case, the record supports the trial court's order of probation revocation based on appellant's failing to report and absconding. Appellant acknowledged that he failed to report to his scheduled appointments and that he absconded to the Chicago area. The facts established at the probation revocation hearing prove that appellant not only absconded, he fled the area and remained outside the state for years.

Therefore, we conclude that the trial court did not abuse its discretion by revoking the appellant's probation and ordering that he serve his sentence in confinement.

Accordingly, the judgment of the trial court is affirmed.

_____
ROGER A. PAGE, JUDGE

-4-