IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 10, 2015 Session

**STATE OF TENNESSEE v. ROY LEE SEWELL**

**Appeal from the Criminal Court for Clay County
Nos. 2009-CR-27; 2008-CR-1004, 4530; 2007-CR-927, 4452     Leon C. Burns, Jr.,
Judge**

**No. M2014-02060-CCA-R3-CD – Filed May 18, 2015**

Appellant, Roy Lee Sewell, pleaded guilty to the sale of dihydrocodeinone and the sale of alprazolam.  Appellant was placed on probation as a result of his plea agreement, and after appellant's conviction on new charges, the trial court revoked his probation.  On appeal, appellant argues that his probation had expired prior to this revocation due to an illegal extension of his probation a year earlier.  After reviewing the record, the arguments, and the relevant law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

David Neal Brady, District Public Defender; and Allison Rasbury West, Assistant District Public Defender, Cookeville, Tennessee, for the appellant, Roy Lee Sewell.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Randall A. York, District Attorney General; and Mark Edward Gore, Deputy District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Appellant pleaded guilty to the sale of dihydrocodeinone on June 23, 2008, in case W-4452 and was sentenced to three years suspended to probation.  On the same day, appellant pleaded guilty to the sale of alprazolam in case W-4530 and was sentenced to two years suspended to probation.  The sentences were to be served consecutively.  As a special condition of probation, appellant was ordered to be supervised by community corrections for the first year of his sentence and then transferred to the Board of Probation and Parole.  On November 23, 2009, appellant pleaded guilty to the delivery of

dihydrocodeinone and was sentenced to two years in confinement. Appellant's probation was not revoked for incurring this conviction. On June 28, 2013, the trial court entered an order revoking appellant's probation and extending appellant's probation for five years or until court costs were paid in full. On January 7, 2014, a probation violation warrant issued due to appellant's arrest for domestic assault on January 5, 2014. He was convicted of that offense, and a judgment was entered prior to the probation revocation hearing.

At the probation revocation hearing on February 24, 2014, the trial court determined that appellant's two-year sentence in case W-4530 had expired on November 13, 2011, and that the consecutive three-year sentence commenced on that date. The parties appeared to agree with that determination.[1] Regarding the five-year extension of probation in 2013, the trial court stated, "In 2013, we just extended him five years, which is illegal. We can't extend him but two years." The court then treated the five-year extension as a two-year extension and determined that appellant was still on probation. The trial court revoked appellant's probation.

On appeal, the parties do not contest the underlying grounds supporting appellant's revocation but focus solely on whether appellant's probationary sentence had expired prior to the 2014 revocation. Appellant argues that at the 2014 revocation hearing, the trial court was unable to adjust the illegal five-year extension to a valid two-year extension of probation. Appellant argues that the five-year sentence was illegal and void from inception in 2013 and that it was, therefore, rendered a nullity; as such, he asserts that his probation would have expired before the 2014 probation violation.[2] The State responds that the trial court did not err because it corrected the error before the statutorily permissible two-year extension had lapsed.

If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45

---

[1] The State concedes in its brief that the conclusion was incorrect.

[2] To the extent that appellant argues that his sentence had expired prior to the June 28, 2013 hearing, appellant's probation violation report for the 2014 revocation indicates that appellant's probation was "violated" on May 17, 2013. Appellant has also attached the 2013 probation violation warrant to his brief, which is dated May 20, 2013. The filing of a probation violation warrant tolls the expiration of a period of probation. *See State v. Shaffer*, 45 S.W.3d 553 (Tenn. 2001). Therefore, appellant's probation was tolled on May 20, 2013, well before appellant's probation expired.

S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)).

We note that a similar situation was addressed by this court in *State v. Merriweather*, 34 S.W.3d 881 (Tenn. Crim. App. 2000). However, in *Merriweather*, the defendant signed an agreement with her probation officer extending her probation indefinitely until she had paid all fees and court costs. *Id.* at 882. When the trial court found that the defendant had violated her probation nearly five years later, this court determined that the agreement to extend the defendant's probation indefinitely was void and that the defendant's probation ended on the date originally imposed, disregarding the probation revocation in its entirety. *Id.* at 884-86. However, *Merriweather* differs from the case at hand. In *Merriweather*, the defendant did not receive a revocation hearing, and the illegal extension of probation was addressed after the legally permissible two-year extension had lapsed; whereas, in this case, the trial court in 2014 corrected the mistake before the statutorily permissible two-year extension had expired. *See* Tenn. Code Ann. § 40-35-308(c). Therefore, *Merriweather* does not directly address whether a trial court can correct an extension of probation with an illegally-extended duration when the permissible two-year extension of probation has yet to lapse.

Appellant argues that the five-year extension was illegal and void. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted). Appellant is correct in stating that his five-year extension in 2013 was an illegal sentence because the trial court was only statutorily authorized to extend his probation for two years. *See* Tenn. Code Ann. § 40-35-308(c). However, appellant further argues that because his sentence was illegal, it was void from inception and that the trial court could not correct the error *sua sponte* at the 2014 revocation hearing, which was still within two years of the 2013 revocation.

However, our court has long recognized that trial courts have the authority to correct an illegal sentence at any time, even if it has become final. *See State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). Principles of logic, common sense, and judicial efficiency dictate that this authority should extend to the correction of an error made in extending an appellant's probation when the correction is made within the two years following revocation. Otherwise, a trial court would be unable to correct mistakes made in resentencing after a probation revocation when those mistakes come to the court's

attention.  Appellant has failed to show that the trial court erred in modifying his probation extension from five years to two years.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE