IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 26, 2021 Session

## STERLING LAMARR COOPER v. SHAWN PHILLIPS, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2020-CR-160    Jeffrey Wicks, Judge**

_____

### No. E2020-01568-CCA-R3-HC
_____

The Petitioner, Sterling Lamarr Cooper, appeals the summary dismissal of his petition for writ of habeas corpus. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and J. ROSS DYER, J., joined.

Sterling Lamarr Cooper, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and Russell Johnson, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner originally pleaded guilty to possession with intent to deliver a controlled substance less than 0.5 grams and possession with intent to deliver a controlled substance more than 0.5 grams. Sterling Lamar Cooper v. State, No E2012-00383-CCA-R3-PC, 2013 WL 326209, at *1 (Tenn. Crim. App. Jan. 29, 2013), perm. app. denied (Tenn. June 12, 2013). The Petitioner received concurrent sentences of ten and twenty years. Id. The Petitioner apparently did not file a direct appeal. This court affirmed the denial of his post-conviction petition. Id.

On September 22, 2020, the Petitioner filed a pro se petition for writ of habeas corpus, asserting that his due process rights were violated "due to the fact order of incarceration could not be imposed with [a] revocation of community corrections." He elaborated that "these sentences are neither contemplated nor authorized by state and

federal law" and "must be vacated because trial court did not have jurisdiction nor authority to impose new sentence nor incarceration without community corrections sentence being violated or revoked and no revocation hearing, no violation, no revocation equals no incarceration. Immediate release from custody." The State filed a motion to dismiss the petition on October 22, 2020, contending that the Petitioner had failed to "comply with the mandatory procedural requirements" and that "due process claims are not colorable claims for habeas corpus relief." Specifically, the State noted that the Petitioner had not "included a certified copy of his judgment and has therefore failed to comply with the mandatory procedural requirements for filing a petition." On October 23, 2020, the habeas corpus court summarily dismissed the petition by written order, finding that the Petitioner "failed to state a colorable claim for relief[,] and his judgments are not illegally void." The Petitioner filed a timely notice of appeal on November 13, 2020.

## ANALYSIS

On appeal, the Petitioner asserts that the habeas corpus court erred in summarily denying his petition, again contending that the trial court "did not have jurisdiction and did not have authority to order incarceration without [a] revocation of community corrections sentence [hearing.]" He further states that the "new sentence judgment is void because there was never a violation or revocation corrections sentence. I have established colorable claims that render conviction void which entitles Petitioner to instant relief and petition must be granted." The State responds that the habeas corpus court did not err in summarily denying the petition. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 221

Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). As relevant here, Tennessee Code Annotated section 29-21-107(b)(2) provides that "[t]he petition shall state . . . [t]he cause of pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy therof shall be annexed, or a satisfactory reason given for its absence[.]" Tenn. Code Ann. § 29-21-107(b)(2). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21. Finally, a petitioner's pro se status does not excuse his procedural deficiencies within the context of habeas corpus relief. See Summers, 212 S.W.3d at 261 (declining to "incorporate the liberal procedural safeguards of the Post-Conviction Procedure Act into the provisions governing habeas corpus" and reiterating that habeas corpus procedures are "mandatory and strictly applied" even against pro se petitioners).

We initially observe that the Petitioner failed to meet the statutory procedural requirements for a petition of writ of habeas corpus. As noted by the State, the instant petition did not include the judgments of conviction that the Petitioner is challenging. Though the Petitioner attached the judgments to his appellate brief, we are precluded from considering them. "This court has repeatedly held that documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." Torrance Johnson v. State, No. W2018-02260-CCA-R3-ECN, 2020 WL 2301193, at *4 (Tenn. Crim. App. May 8, 2020). This court has upheld the summary dismissal of a writ for habeas corpus for failure to include the relevant judgment of

conviction in the petition. See, e.g., Timothy L. Jefferson v. Russell Washburn, Warden, No. M2019-01723-CCA-R3-HC, 2020 WL 5960110, at *3 (Tenn. Crim. App. Oct. 8, 2020); Shawn Christopher Sales v. Shawn Phillips, Warden, No. E2015-01746-CCA-R3-HC, 2016 WL 1366669, at *5 (Tenn. Crim. App. Apr. 4, 2016). Accordingly, the Petitioner has failed to comply with the procedural requirements requiring he attach the judgment of conviction, and the habeas corpus court did not err in summarily dismissing the petition.

Furthermore, the Petitioner has also failed to state a colorable claim for relief. From what we can understand, the Petitioner contends that his ten and twenty-year concurrent sentences are void because he was serving a community corrections sentence when they were imposed, which was not revoked before the new sentences were imposed. The only details of the community corrections sentence are a notation that the Petitioner was serving a 15-year sentence in a different case than the instant one attached to his habeas corpus brief. As we have already stated, we are precluded from considering this attachment, which, regardless, does not provide any facts regarding the community corrections sentence that the Petitioner references in his brief and his petition. The Petitioner relies on State v. Merriweather, 34 S.W.3d 881 (Tenn. Crim. App. 2000) for the assertion that his sentences are void. In Merriweather, this court concluded that the defendant's "due process rights were violated when the conditions of her probation were made more onerous than those originally imposed, and she was not afforded a revocation hearing or assistance of counsel." Id. at 886. However, the Petitioner's reliance on Merriweather is misplaced. Unlike that defendant, the Petitioner is appealing the dismissal of his habeas corpus petition, not the revocation of probation. There is nothing in the record to indicate that the Petitioner's current sentences are "more onerous" than what was originally imposed. Finally, this court has stated that "due process issues are properly raised in post-conviction petitions, not habeas corpus petitions, because a due process violation results in a voidable, not void, conviction." Timothy L. Jefferson, 2020 WL 5960110, at *4 (citing Eddie F. Depriest v. Kevin Meyers, Warden, No. M200-02312-CCA-R3-PC, 2001 WL 758739, at *2 (Tenn. Crim. App. July 6, 2001)). We note that the Petitioner did not raise such an issue in his petition for post-conviction relief, which this court has already affirmed on appeal. Sterling Lamar Cooper, 2013 WL 326209, at *1. The Petitioner has failed to comply with statutory procedural requirements and failed to state a colorable claim upon which relief may be granted.

## CONCLUSION

Based on the above authority and reasoning, we affirm the judgment of the habeas corpus court.

_____

CAMILLE R. MCMULLEN, JUDGE

- 4 -